NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M&T BANK s/b/m HUDSON CITY SAVINGS BANK,<br><br>       Plaintiff,<br><br>       v.<br><br>CHRYSSOULA ARSENIS *et al.*,<br><br>       Defendants. | Civil Action No. 23-1609 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon Plaintiff M&T Bank s/b/m Hudson City Savings Bank's ("Plaintiff") Motion to Remand. (ECF No. 8.) Pro se Defendant Chryssoula Arsenis ("Defendant") opposed (ECF No. 12), and Plaintiff did not reply. After careful consideration of the parties' submissions, the Court decides Plaintiff's Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, the Court grants Plaintiff's Motion to Remand.

**I. BACKGROUND**

  Plaintiff originally filed this foreclosure action in New Jersey Superior Court. (*See* Compl. *13, ECF No. 1-1.)[1] Defendant removed the action to the United States District Court for the District of New Jersey based on federal question jurisdiction. (Notice of Removal *1-2, ECF No. 1.) Plaintiff now moves to remand the action to state court, contending that removal was improper

---

[1] Page numbers preceded by an asterisk refer to page numbers atop the ECF header.

because: (1) this Court lacks subject-matter jurisdiction over the action; and (2) Defendant's removal was not timely. (Pl.'s Moving Br. 4, ECF No. 8-5.)

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). For removal to be proper on the basis of federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Voltz v. Somerset County Jail*, No. 20-13695, 2021 WL 1986459, at *2 (D.N.J. May 18, 2021) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)). A plaintiff can move to remand a case removed to a federal court where the court lacks subject-matter jurisdiction or removal was otherwise improper. *Id.*; 28 U.S.C. § 1447(c).

The Third Circuit has held that the removal statute "is to be strictly construed against removal" to honor Congressional intent. *Samuel-Basset v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). Thus, a district court has the authority to remand a case that was removed to federal court if "at any time before final judgment it appears the district court lacks

subject-matter jurisdiction." 28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

The removal statute requires that a notice of removal be filed within 30 days of the defendant's receipt of the original complaint by service or otherwise. 28 U.S.C. § 1446(b). This time limit is a procedural bar to removal, independent of any jurisdictional question. *See Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one.").

### III. DISCUSSION

After consideration of the parties' submissions, the Court finds that removal was improper. *First*, the Court has no federal question jurisdiction, as it "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). Here, Plaintiff's foreclosure complaint relies exclusively on state law claims. (*See* Compl. *14-21; *Bank of N.Y. Mellon Corp. v. Fischer*, No. 15-1465, 2015 WL 4569077, at *2 (D.N.J. July 28, 2015) (finding removal improper because no federal question appears on the face of the mortgage foreclosure complaint); *MTAG Cust Alterna Funding II, LLC v. Ferguson*, No. 18-13625, 2019 WL 5678336, at *1 (D.N.J. July 3, 2019) (finding no basis for federal question jurisdiction when the underlying action is a state-law mortgage foreclosure).) Though not explicitly stated in the Notice of Removal, Defendant asserts that there is a federal question because her answer raises affirmative defenses based on the federal Coronavirus Aid, Relief, and Economic Security Act. (Def.'s Opp'n Br. 3, ECF No. 12.) When considering if a removal is proper, courts generally disregard assertions of federal defenses as the "pre-emptive effect of a federal statute . . . will not

provide a basis for removal." *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 2 (1983)). Because there is no federal question, the Court does not have jurisdiction to hear this matter, and removal was improper.

*Second*, Defendant's removal was not timely. Defendant claims that removal was timely because she removed the action within thirty days of receipt of Plaintiff's motion for summary judgment. (Def.'s Opp'n Br. 2.) Defendant's argument misses the mark because the removal statute allows a defendant (with consent of all other defendants in the action) to remove an action within thirty days of a defendant's receipt of the original complaint by service or otherwise. 28 U.S.C. § 1446(b) (emphasis added). This time limit is a procedural bar to removal, independent of any jurisdictional question. *See Farina*, 625 F.3d at 114. Here, Defendant received a copy of the Complaint on September 12, 2022, but did not seek removal until March 20, 2023, well outside of the time frame allowed by the removal statute. (Def.'s Opp'n Br. 2; Notice of Removal *1.)

## IV.     CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion to Remand. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ *Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4