**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M&T BANK s/b/m HUDSON CITY SAVINGS BANK,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CHRYSSOULA ARSENIS, *et al.*,<br><br>　　　　　　　　Defendants. | Civil Action No. 23-1609 (MAS) (JBD)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

　　This matter comes before the Court upon Defendant Chryssoula Arsenis's ("Defendant") motion to stay proceedings pending her appeal of this Court's remand order (ECF No. 14). (ECF No. 20.) Plaintiff M&T Bank s/b/m Hudson City Savings Bank ("Plaintiff") did not oppose. After careful consideration of Defendant's submission, the Court decides Defendant's motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendant's motion is denied.

　　This Court assumes the parties' familiarity with the factual background and procedural history of this matter and thus will summarize only those facts relevant to the instant motion. On March 21, 2023, Defendant removed this action to this Court. (Notice of Removal, ECF No. 1.) On May 1, 2023, Plaintiff filed a motion to remand this action to state court. (Remand Mot., ECF No. 8.) On July 17, 2023, this Court granted Plaintiff's motion (Remand Order, ECF No. 14), and this matter was remanded to the Somerset County Chancery Division (Remand Transmittal, ECF

No. 15). Less than a week later, Defendant appealed the Court's remand order. (ECF No. 17.) Plaintiff's appeal is pending before the Third Circuit. (ECF No. 18.)

Plaintiff moves to stay the Court's proceedings pending her appeal of this Court's remand order to the Third Circuit. District courts have broad discretion to stay proceedings stemming from their "power to control [their] own docket." *Est. of Maglioli v. Andover Subacute Rehab. Ctr. I*, No. 21-2120, 2021 WL 2525714, at *3 (D.N.J. June 18, 2021) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see also MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) ("Federal courts have inherent power to control their dockets by staying proceedings."). "Further, a stay of proceedings 'is particularly appropriate, and within the court's "sound discretion," where the outcome of another case may "substantially affect" or "be dispositive of the issues" in a case pending before a district court.'" *Est. of Maglioli*, 2021 WL 2525714, at *4 (quoting *MEI, Inc.*, 2009 WL 3335866, at *4).

When considering a motion to stay pending an appeal, the equitable factors governing preliminary injunctions guide the court's analysis. *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Those factors are:

> (1) whether the stay applicant has made a strong showing that [she] is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Id.* As the Supreme Court noted in *Nken*, "[t]he first two factors of [the above] standard are the most critical." *Id.* Only if the first two factors are satisfied may a court then move on to balance the remaining factors. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

With respect to Defendant's motion to stay under the above factors, the Court's analysis here can be brief. As to the first factor, Defendant has not shown that she is likely to succeed on the merits of her appeal. Importantly, appellate courts generally lack the power to review a district court's order remanding a case to state court. *BP P.L.C. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1536 (2021) ("Since at least 1949, federal appellate courts have generally lacked the power to review a district court order remanding a case to state court.") There are two exceptions to this general rule codified at 28 U.S.C. § 1447(d): (1) removals pursuant to 28 U.S.C. § 1443 (the Civil Rights Act of 1964); and (2) removals pursuant to 28 U.S.C. § 1442 (specifically "for suits against federal officers or agencies removed under the statute"). *Id.*

Here, this action was not remanded pursuant to § 1442 or § 1443. (*See generally* Remand Op., ECF No. 13.) Moreover, the instant case was remanded to the state court from which it was removed: Somerset County Chancery Division. (Notice of Removal 1; *see generally* Remand Transmittal.) As such, under § 1447(d), the Court's remand order "is not reviewable on appeal or otherwise" by a federal appellate court. Defendant's appeal, therefore, is unlikely to succeed on the merits.

Having found that Defendant fails to show a likelihood of success on the merits of her appeal, and therefore, that a stay of proceedings pending her appeal is unwarranted,

**IT IS** on this 5th day of January 2024, **ORDERED** as follows:

1.  Defendant's motion to stay proceedings pending her appeal of this Court's remand order is **DENIED.**

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

3