**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2324
_____

M&T BANK,
s/b/m Hudson City Saving Bank

v.

CHRYSSOULA ARSENIS;
UNITED STATES OF AMERICA;
STATE OF NEW JERSEY;
JP MORGAN CHASE BANK NA

Chryssoula Arsenis,
          Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3:23-cv-01609)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: March 19, 2024)

———————

OPINION[*]

———————

PER CURIAM

Pro se appellant Chryssoula Arsenis appeals the District Court's remand of her state court foreclosure case to the Superior Court of New Jersey, Chancery Division, in Somerset County. For the reasons that follow, we will affirm the District Court's decision.

I.

In March 2023, Arsenis filed a notice of removal in the District Court, citing 28 U.S.C. §§ 1331, 1441, 1443, and 1444. She sought to remove a foreclosure case against her and others by M&T Bank. M&T Bank filed a motion to remand the matter back to state court. The District Court granted the motion, citing lack of subject matter jurisdiction and the timeliness of the removal, and remanded the case to state court. Arsenis timely appealed.

II.

We begin by noting our jurisdictional limits in reviewing a remand order. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," unless the case was removed pursuant to 28 U.S.C. § 1442 or 1443. See 28 U.S.C. § 1447(d). To remove a case under these statutes, "a defendant's notice of

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

removal must assert the case is removable 'in accordance with or by reason of' one of those provisions." BP P.L.C. v. Mayor & City Council of Balt., 141 S. Ct. 1532, 1538 (2021). In her notice of removal, Arsenis cited § 1443, which was sufficient to invoke that removal statute. See id. Accordingly, we have jurisdiction to review the entirety of the District Court's remand order. See id. We exercise plenary review over the District Court's decision to remand. Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000).

III.

We discern no error in the District Court's remand of this case to state court for lack of subject-matter jurisdiction.[1] The District Court was required to remand the matter should it determine "at any time before final judgment" that it lacked subject matter jurisdiction. See 28 U.S.C. § 1447(c). It properly examined the face of the state court complaint in determining whether there was a basis for federal question jurisdiction. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Arsenis acknowledges that the state court complaint was limited to state law foreclosure claims. She mentions several affirmative defenses she sought to bring under federal law, but, subject to exceptions not relevant here, a case may not be removed to federal court solely on the basis of a federal defense to a state law cause of action. See Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 353 (3d Cir. 1995); Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 13-14 (1983). She does not appear to address § 1443 or 1444 in her appellate brief. In any event, Arsenis did not assert any rights guaranteed by a federal law "providing

---

[1] Because we affirm the District Court's decision to remand on this basis, we need not address its alternative ground for remand.

3

for . . . equal civil rights" in the District Court, nor did she identify any state law that would preclude her from vindicating such rights. See Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (citation omitted). Further, § 1444 is a removal provision that applies only to foreclosure actions where the United States is a party.

    Arsenis primarily argues on appeal that the District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 to hear this case, even though she did not cite § 1332 in her notice of removal. See 28 U.S.C. § 1446(a) (providing that a defendant "shall" file a notice of removal containing the grounds for removal). Arsenis maintained that there was diversity jurisdiction because she was domiciled in New Jersey and the plaintiff, M&T Bank, was a citizen of New York. However, § 1332 requires "complete diversity" between all parties. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). In the District Court, Arsenis did not address the citizenship of the other defendants in the case — the state of New Jersey, the United States, and J.P. Morgan Chase Bank — and she briefly argues on appeal that the citizenship of these parties does not matter. However, these parties are named in the complaint as defendants and are listed as potential lien holders; to plead diversity, Arsenis must at least allege that these defendants are not "citizen[s] of the plaintiff's state of citizenship." See Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 107 (3d Cir. 2015). Thus, she did not meet her burden to plead complete diversity. See Johnson, 724 F.3d at 346.

Because there was no basis for either federal question or diversity jurisdiction, the District Court appropriately remanded the case to state court, and we will affirm the order of the District Court.[2]

---

[2] Arsenis's motion to file a supplemental appendix is granted to the extent that the motion includes any documents that were part of the record before the District Court. To the extent that Arsenis seeks to expand the record on appeal, the motion is denied, as she has not demonstrated that this case presents exceptional circumstances. See Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013).